UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARTELL FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| DUSTIN FLEMING, | ) | |
| C/O SHIRTS, and | ) | |
| C/O JOHN DOE | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois. At the time of the incident alleged below, Plaintiff was an inmate at Pinckneyville Correctional Center in Pinckneyville, Perry County, Illinois.

5. Defendant-Officers DUSTIN FLEMMING ("Defendant FLEMMING"), C/O SHIRTS ("Defendant SHIRTS") and JOHN DOE ("Defendant DOE") are duly appointed and sworn Illinois Department of Corrections Correctional Officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

**Facts**

7. On October 15, 2016, Plaintiff was an inmate at Pinckneyville Correctional Center.

8. At approximately 1:35 p.m. on October 15, 2016, Plaintiff got into a verbal argument with Defendant FLEMING.

9. After the argument, Plaintiff was transferred to the segregation unit of Pinckneyville Correctional Center.

10. A short time after Plaintiff had been moved to segregation, Defendant SHIRTS approached Plaintiff's cell and told Plaintiff to "cuff up."

11. Plaintiff complied and allowed Defendant SHIRTS to handcuff him.

12. Once Plaintiff was secured in handcuffs, his cell door was opened.

13. Defendant FLEMING entered Plaintiff's cell and began to attack him.

14. Defendant FLEMING punched Plaintiff and knocked him to the ground where he kicked Plaintiff in the stomach.

15. Defendants SHIRTS and DOE stood by and watched as Defendant FLEMING attacked Plaintiff.

16. Defendants SHIRTS and DOE allowed Defendant FLEMING into Plaintiff's cell and did nothing to stop Defendant FLEMING from attacking Plaintiff while Plaintiff was handcuffed.

17. While kicking Plaintiff, Defendant FLEMING used a racial slur to refer to Plaintiff.

18. After the attack, Plaintiff reported the incident and completed an Offender Injury Report.

19. Plaintiff also filed a grievance regarding the attack.

20. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

21. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering as well as emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. The actions of Defendant FLEMING constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, and not in furtherance of any legitimate penological purpose, in violation of Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant FLEMING,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

24. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

25. While Plaintiff was subjected to excessive force as described above, Defendants SHIRTS and DOE each had an opportunity to intervene, but chose not to intervene.

26. Defendants SHIRTS and JOHN DOE were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants SHIRTS and DOE,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

                                        Respectfully submitted,

                                        */s/ Daniel P, Kiss*
                                        One of Plaintiff's Counsel

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
t. 312.765.0100
f. 312.585.7803
e. louismeyer@meyerkiss.com
e. dankiss@meyerkiss.com

4