## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTELL FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-595-NJR-DGW |
| DUSTIN FLEMING, et al., | ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant TYSON SHURTZ, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby provides his Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Document 20), stating as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER: Defendant admits Plaintiff has brought suit pursuant to 42 U.S.C. §1983, denies he has brought suit under the common law or statutes of the State of Illinois, and denies the claims against him.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER: Defendant admits jurisdiction is proper.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER: Defendant admits venue is proper but denies the claims occurred as Plaintiff alleges.**

## Parties

4. Plaintiff is a resident of Chicago, Illinois. At the time of the incident alleged below, Plaintiff was an inmate at Pinckneyville Correctional Center in Pinckneyville, Perry County, Illinois.

**ANSWER: Defendant admits Plaintiff was an inmate at Pinckneyville Correctional Center on October 15, 2016. Defendant lacks knowledge sufficient to either admit or deny the remaining allegations in this paragraph.**

5. Defendant-Officers DUSTIN FLEMMING ("Defendant FLEMMING"), TYSON SHURTZ ("Defendant SHURTZ") and TIMOTHY GILLEY ("Defendant GILLEY") are duly appointed and sworn Illinois Department of Corrections Correctional Officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER: Defendant admits he was a Correctional Officer employed at Pinckneyville Correctional Center for the Illinois Department of Corrections on October 15, 2016, and that he was acting within the scope of his employment while on duty. Defendant lacks knowledge sufficient to either admit or deny the remaining allegations in this paragraph.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER: Defendant admits he is sued in his individual capacity.**

## Facts

7. On October 15, 2016, Plaintiff was an inmate at Pinckneyville Correctional Center.

**ANSWER: Defendant admits the allegations in this paragraph.**

8. At approximately 1:35 p.m. on October 15, 2016, Plaintiff got into a verbal argument with Defendant FLEMING.

**ANSWER: Defendant lacks knowledge sufficient to either admit or deny the allegations in this paragraph.**

9. After the argument, Plaintiff was transferred to the segregation unit of Pinckneyville Correctional Center.

**ANSWER: Defendant admits that Plaintiff was brought to the segregation unit of Pinckneyville Correctional Center on October 15, 2016, but lacks knowledge sufficient to either admit or deny the remaining allegations in this paragraph.**

10. A short time later, while in segregation Defendant SHURTZ approaches Plaintiff's cell and tells Plaintiff to cuff up.

**ANSWER: Defendant admits that he approached Plaintiff's cell in the segregation unit on October 15, 2016, and directed the Plaintiff to "cuff up" so that he could receive his mattress and bedding.**

11. Plaintiff complied and allowed Defendant SHURTZ to cuff him up.

**ANSWER: Defendant admits that on October 15, 2016, he opened the chuckhole of Plaintiff's cell and cuffed the Plaintiff behind the back per procedures in order to provide Plaintiff his property.**

12. Once Plaintiff's [sic] was secured in handcuffs, his cell door was opened.

**ANSWER: Defendant admits that on October 15, 2016, he opened the chuckhole of Plaintiff's cell and cuffed the Plaintiff behind the back per procedures in order to provide Plaintiff his property. Defendant admits he keyed open the cell.**

13. After Plaintiff's cell door was open, Defendant FLEMING entered Plaintiff's cell and began to attack him.

**ANSWER: Defendant admits that on October 15, 2016, he keyed open the Plaintiff's cell to provide him with his property. Defendant admits that, when he bent over to place the Plaintiff's property into his cell, C/O Fleming ran into the cell, threw the Plaintiff to the ground and began punching and kicking him in the abdomen region.**

14. Defendant FLEMING punched Plaintiff and knocked him to the ground where he kicked Plaintiff in the stomach.

**ANSWER: Defendant admits that, when he bent over to place the Plaintiff's property into his cell, C/O Fleming ran into the cell, threw the Plaintiff to the ground and began punching and kicking him in the abdomen region.**

15. Defendants SHURTZ and GILLEY stood by and watched as Defendant FLEMING attacked Plaintiff.

**ANSWER: Defendant denies the allegations in this paragraph.**

16. Defendant SHURTZ and GILLEY allowed Defendant FLEMING into Plaintiff's cell and attack Plaintiff while he was secured in handcuffs.

**ANSWER: Defendant denies the allegations in this paragraph.**

17. While kicking Plaintiff, Defendant FLEMING used a racial slur to refer to Plaintiff.

**ANSWER: Defendant admits hearing C/O Fleming use a racial slur on October 15, 2016.**

18. After the attack, Plaintiff reported the incident and complete an Offender Injury Report.

**ANSWER: Defendant lacks knowledge sufficient to either admit or deny the allegations about what Plaintiff did to report the incident, but Defendant admits he reported the incident.**

19. Plaintiff also filed a grievance regarding the attack.

**ANSWER: Defendant lacks knowledge sufficient to either admit or deny the allegations in this paragraph.**

20. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER: Defendant denies the allegations in this paragraph.**

21. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress.

**ANSWER: Defendant denies his acts caused Plaintiff any physical pain and suffering or any damages whatsoever, but lacks knowledge as to any injury Plaintiff suffered on October 15, 2016.**

COUNT I
(42 U.S.C. § 1983 — Excessive Force)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER: Defendant incorporates his answers to paragraphs 1 through 21 herein.**

23. The actions of Defendant FLEMING constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, and not in furtherance of any legitimate penological purpose, in violation of Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

**ANSWER: Defendant lacks knowledge sufficient to either admit or deny the allegations in this paragraph.**

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant FLEMING,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**ANSWER: Defendant lacks knowledge sufficient to either admit or deny the allegations in this paragraph, but denies Plaintiff is entitled to any relief from this Defendant.**

COUNT II
(42 U.S.C. § 1983 Failure to Intervene)

24. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER: Defendant incorporates his answers to paragraphs 1 through 21 herein.**

25. While Plaintiff was subjected to excessive force as described above, Defendants SHURTZ and GILLEY had an opportunity to intervene, but chose not to intervene.

**ANSWER: Defendant denies the allegations in this paragraph.**

26. Defendants SHURTZ and GILLEY were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER: Defendant denies the allegations in this paragraph.**

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants SHURTZ and GILLEY,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

## JURY DEMAND

Defendant requests a trial by jury.

## AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's claims, Defendant charged herein acted in the good faith performance of his official duties without violating Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

2. To the extent Plaintiff intends to bring state law claims against the Defendant as noted in paragraph 1, the Defendant was performing official discretionary duties in good faith and is entitled to Public Official Immunity.

3.      To the extent Plaintiff intends to bring state law claims against the Defendant as noted in paragraph 1, the Defendant acted in good faith within the scope of his official duties as an employee of the State of Illinois. Therefore, any state law claims are against the State and are barred by statutory sovereign immunity.

WHEREFORE, Defendant respectfully requests that this Court deny all relief sought by Plaintiff and enter judgment in his favor.

Respectfully submitted,

TYSON SHURTZ,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,


  s/ Melissa A. Jennings
Melissa A. Jennings, #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL   62701
Phone: (217) 785-4555
Fax: (217) 524-5091
E-Mail: mjennings@atg.state.il.us

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTELL FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 17-cv-595-NJR-DGW |
| DUSTIN FLEMING, et al., | ) ) ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2017, I electronically filed Defendant Shurtz's Answer and Affirmative Defenses, to the Plaintiff's Amended Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of same to the following:

Louis Meyer - louismeyer@meyerkiss.com
Daniel Kiss -   dankiss@meyerkiss.com

Respectfully submitted,

LISA MADIGAN, Attorney General,
State of Illinois,

   s/ Melissa A. Jennings
Melissa A. Jennings, #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL  62701
Phone: (217) 785-4555
Fax: (217) 524-5091
E-Mail: mjennings@atg.state.il.us